## MARKER v SMITH et

Ohio Appeals, 2nd Dist, Darke Co
No. 358.   Decided Feb 2, 1931

W. D. Speidel, and Mannix & Billingsley, Greenville, for Marker.

Alvin North and J. W. Sharts, Dayton, for L. Marker and G. Marker.

**BY THE COURT**

In the answer and cross petition of George Marker in this court, which was filed on April 25, 1930, he states that he became of age on January 29, 1930. §11603 GC provides as follows:

"It shall not be necessary to reserve in a judgment or order the right of a minor to show cause against it after attaining the age of majority; but in any case in which, but for this section, such reservation would have been proper, within one year after his majority, the minor may show cause against such order or judgment."

Under this judgment the minor's rights were by statute reserved for one year and he might bring such action in the Court of Common Pleas as he deemed proper to set aside the judgment or he might, in a proper case, elect to file a cross petition in error to reverse the judgment. **Mannix v Purcell, 46 Oh St, 102; Roberts v Roberts, 61 Oh St 96.**

We see no reason why George H. Marker might not file an answer and cross petition in an error case within the time allowed by §11603 GC notwithstanding the fact that the statute providing for error proceedings allows a party only 70 days in which to file their petition in error. It appears from the answer and cross petition that George H. Marker became of age on January 29, 1930; he was therefore a minor at the time the judgment was rendered against him and was entitled to the benefit of §11603, GC. It is true that if a sale had been made and the purchaser had complied therewith, there would be no longer any remedy as against such purchaser by the original heirs of Marker. **Stewart v Kellough, 104 Oh St,** 347. But no such purchaser being at present before the court and as between the parties to the suit, the remedy under that section would be effective.

George H. Marker was shown by the cross petition of the administrators to be a minor. The sheriff, by his return simply served a copy upon George H. Marker; nevertheless he was still a minor under the condition of the record at the time the decree was rendered. We therefore reach the conclusion that George H. Marker has a right to prosecute his cross petition in error based upon the original record of the case.

As to Lester Marker who filed his cross petition on April 25, 1930, it would be necessary to show that there was a final judgment against him in the Court of Common Pleas, and that such judgment was sufficient to defeat the right of Lester Marker as against the cause of action.

Lester Marker was a resident of Indiana at the time this suit was brought and continuously thereafter. At least two summons were issued upon the cross petition to the sheriff of Darke and no service was made against Lester Marker.

Finally a summons was issued to the sheriff of Darke County. The Darke County sheriff sent the summons to a sheriff in the State of Indiana who served a copy upon Lester Marker, and his return was forwarded to the Darke County sheriff, who in like manner, made the return covering the proceedings of the Indiana sheriff. This was a case in which service by publication might have been made. The full substance for service by publication was not made and the service already made might have been avoided if the objections thereto had been promptly made and before judgment, still there was enough in this summons to give actual notice of the proceedings then pending in the Darke County courts and if Lester Marker allowed judgment to be taken without interposing objections and allowed the time for filing a petition in error or cross petition in error, to-wit, 70 days to go by without filing such petition or cross petition in error he would be bound by such judgment.

After judgment was rendered in the court below it appears that Lester Marker, through his counsel, at that time Mr. H. James Flack, filed a motion in the Court of Common Pleas on November 20, 1929, against the validity of the judgment in favor of the plaintiff and in favor of the defendants, the administrators of Village Marker, deceased. Whatever is said in this opinion is not intended to operate against the motion in the court below.

The judgment of the Court of Common Pleas having been rendered on November 1st, 1929, it is clear that Lester B. Marker, has no right to file a petition in error after the expiration of 70 days. The motion to strike the answer and cross petition of Lester Marker from the files of this court should, therefore, be sustained.

If counsel for any of the parties desire a hearing on the merits in respect to the answer and cross petition of George H. Marker, the same can be submitted on brief and we will consider same.

Judgment accordingly.

KUNKLE, PJ, ALLREAD and HORNBECK, JJ, concur.